IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DARRELL HALE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACT. NO.  3:12cv584-TFM |
| ) | (WO) |
| CITY OF LANETT, ALABAMA, ) | |
| ) | |
| Defendant. ) | |

**OPINION and ORDER**

**I.  INTRODUCTION**

The plaintiffs, Darrell Hale, Tseyonka Davidson, and Nathan White, former police officers, bring this action pursuant to 42 U.S.C. § 1983, asserting that the Defendant City of Lanett, Alabama, ("City of Lanett") wrongfully terminated them in violation of their rights to due process and equal protection.

On July 6, 2012, the City of Lanett filed a Motion to Dismiss pursuant to FED.R.CIV.P. 12(b)(6), asserting that this case should be dismissed because the plaintiffs' complaint fails to state a claim upon which relief may be granted. (Doc. No. 3.)  Specifically, the City of Lanett argues that the plaintiffs' federal claims are due to be dismissed because the plaintiffs were provided both pre- and post-deprivation remedies, including an opportunity to be heard. (*Id*., p. 2.)  In addition, Defendant asserts that the plaintiffs' state law claims should be dismissed because Alabama does not recognize a "wrongful termination" tort and Ala. Code § 11-43-21 does not provide Plaintiffs with a private cause of action.  (*Id*.)  On August 6,

2012, the plaintiffs filed a Response to the City's Motion to Dismiss.  (Doc. No. 6.)  On August 21, 2012, the City of Lanett filed a Reply.  (Doc. No. 14.)

The court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  The court has reviewed the Complaint, the Motion to Dismiss, the Response, and the Reply and concludes that the Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) should be granted with respect to the equal protection claim and denied with respect to the remaining claims.

## II.  THE STANDARD OF REVIEW

Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see also Iqbal*, 129 S.Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Iqbal*, 129 S.Ct. at 1950 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations and emphasis omitted).

More recently, in *Iqbal*, the Supreme Court reiterated that although FED.R.CIV.P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### III.  DISCUSSION

#### A. The Equal Protection Claim

The City of Lanett asserts that the plaintiffs' contention that it violated their right to equal protection in violation of 42 U.S.C. § 1983 fails to state a claim upon which relief may be granted. To establish an equal protection violation, a plaintiff must show (1) that he is similarly situated with other persons who were treated differently from him, and (2) that the

3

reason for the differential treatment was based on race, religion, national origin, poverty, or some other constitutionally protected interest. *Damiano v. Fla. Parole and Probation Comm'n*, 785 F.2d 929 (11th Cir. 1986). Discriminatory intent must be shown; arbitrary application without discriminatory intent is insufficient. *E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1987).

The plaintiffs merely allege that another City of Lanett employee remained employed after deploying a taser gun under questionable circumstances. The plaintiffs, however, fail to allege facts demonstrating that the reason for the defendant's actions was based on a constitutionally protected interest. This court therefore concludes that the plaintiffs have failed to allege any equal protection claim upon which relief may be granted and that their equal protection claim should be dismissed. *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359 (11th Cir. 1998).

### B. The Federal Due Process Claim

The City of Lanett asserts that the due process claim is due to be dismissed because the plaintiffs have failed to state a claim upon which relief can be granted. Specifically, Defendant argues that the facts as alleged in the Complaint demonstrate that the officers received notice and an opportunity to be heard both before and after their termination. In their Complaint, however, Plaintiffs allege that the City failed to follow its own policies concerning the dismissal of its employees. Specifically, Plaintiffs assert that they were neither permitted to file an appeal to the city manager or mayor nor afforded a hearing before the City Council. Thus, the plaintiffs' allegations that they were not afforded due process

both before and after their termination states a plausible claim for relief. Consequently, the Motion to Dismiss the plaintiffs' federal due process claim pursuant to FED.R.CIV.P. 12(b)(6) is due to be denied.

### C. The State Law Claims

Defendant argues that the independent claims of wrongful termination and due process are due to be dismissed because there is no state tort of wrongful termination. In Alabama, a municipal employee may bring a wrongful termination action against a municipality. *See Hardric v. City of Stevenson*, 843 So. 2d 206, 210 (Ala. Civ. App. 1981). "'[T]he dismissal of a public employee who is entitled to a pretermination hearing, without such a hearing, is a wrongful act constituting a tort under Alabama law." *Id.* (citing *City of Gadsden v. Harbin*, 398 So. 2d 707 (Ala. Civ. App. 1981) (holding that discharged city police officer who contended that she was wrongfully terminated from her employment without being afforded a pretermination hearing asserted a claim of wrongful termination)). Therefore, to the extent the plaintiffs assert that they were not provided a hearing in compliance with municipality's own policies and procedures during termination proceedings, the court concludes that the plaintiffs state a plausible claim for relief. Based on the foregoing, the court concludes that the Motion to Dismiss the plaintiffs' state law claim of wrongful termination pursuant to Fed.R.Civ.P. 12(b)(6) is due to be denied.

### IV. CONCLUSION

Accordingly, it is

ORDERED as follows:

(1)     The Motion to Dismiss the equal protection claim pursuant to FED.R.CIV.P. 12(b)(6) be and is hereby GRANTED.  (Doc. No. 3.)

(2)     The Motion to Dismiss the due process and wrongful termination claims pursuant to FED.R.CIV.P. 12(b)(6) be and is hereby DENIED.  (Doc. No. 3.)

DONE this 7th day of September, 2012.

>              /s/Terry F. Moorer
>              TERRY F. MOORER
>              UNITED STATES MAGISTRATE JUDGE